PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE RICARDO LAWRENCE, | ) | |
| | ) | CASE NO. 4:18CV2124 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MARK WILLIAMS, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 2] |

*Pro Se* Petitioner Tyrone Ricardo Lawrence filed the above-entitled habeas corpus action under 28 U.S.C. § 2241 challenging the sentence imposed upon him in the United States District Court for the Eastern District of North Carolina ("E.D.N.C."), Case No. 5:08CR00282-FL-7 ("Criminal Case"). ECF No. 1 at PageID #: 1. Petitioner was a federal inmate incarcerated at FCI Elkton when the Petition was filed.[1]

For the reasons that follow, this case is dismissed.

---

[1] According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/ (last visited October 30, 2019)), Petitioner is currently housed at FCI Edgefield.

Petitioner has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See* Yeschick v. Mineta, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

(4:18CV2124)

## I. Background

Petitioner was convicted in the Criminal Case of conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base in violation of 21 U.S.C. § 846, and sentenced in September 2009 in the E.D.N.C. When he was sentenced, the district court considered Petitioner's 1999 felony drug conviction under North Carolina law ("1999 Conviction") and used that conviction as a predicate offense to determine that Lawrence was a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.

Petitioner claims that the 1999 Conviction carries no more than a 12-month sentence and, therefore, does not qualify as a felony drug offense under U.S.S.G. § 4B1.1. Thus, it should not have been used as a predicate offense to find him to be a career offender when he was sentenced in the Criminal Case. Lawrence contends his counsel in the Criminal Case failed to investigate the 1999 Conviction to verify the maximum term of that sentence, and that failure resulted in prejudice to him at sentencing in violation of his right to effective assistance of counsel. ECF No. 1-1 at PageID #: 11. Although Petitioner pleaded guilty and waived his right to collaterally attack his sentence, that waiver excluded ineffective assistance of counsel and prosecutorial misconduct. *See Lawrence v. United States*, Nos. 5:08-CR-00282-F-7, 5:12-CV-00385-F, 2015 WL 4758923, at *1-2 (E.D.N.C. Aug. 12, 2015) (§ 2255 case).

Petitioner states that a direct appeal was not filed in the Criminal Case because appointed counsel failed to do so on his behalf. ECF No. 1 at PageID #: 3. Lawrence did, however, file two motions pursuant to 28 U.S.C. § 2255. *See* ECF No. 1 at PageID #: 4-6.

(4:18CV2124)

In his first § 2255 petition (E.D.N.C. Case No. 5:12-CV-00385-F), Petitioner argued that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he was improperly classified as a career offender under U.S.S.G. § 4B1.1. *Lawrence*, 2015 WL 4758923, at *2. Lawrence maintained that his 1999 Conviction was improperly considered by the sentencing court as a predicate offense for career offender status. *See* Criminal Case ECF No. 491 at 3. The government moved to dismiss the § 2255 petition on the grounds that it was untimely and that Lawrence's plea agreement waived the post-conviction relief sought. Lawrence's petition was subsequently denied as untimely. *See Lawrence*, 2015 WL 4758923, at *4-5.

In his second § 2255 petition (E.D.N.C. Case No. 5:16-CV-460-FL), Petitioner sought relief from his career offender sentencing enhancement in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Lawrence v. United States*, Nos. 5:08-CR-282-FL-7, 5:16-CV-460-FL, 2017 WL 2082845, at *1 (E.D.N.C. May 15, 2017). But the E.D.N.C. found that Lawrence's status as a career offender is not subject to constitutional challenge, and that his *Mathis*[2] claim was untimely. *Lawrence*, 2017 WL 2082845 at *1-2.

Petitioner now claims that § 2255 is inadequate or ineffective to challenge his sentence because he is not presenting newly discovered evidence to attack his conviction or a new rule by the Supreme Court and, therefore, not entitled to a second successive § 2255 petition. ECF No. 1 at PageID #: 5; ECF No. 1-1 at PageID #: 11-12. For this reason, Lawrence claims that he is entitled to challenge his career offender sentencing enhancement pursuant to § 2241 because his sentence represents a "fundamental sentencing error." ECF No. 1-1 at PageID #: 12 (citing

---

[2] *Mathis v. United States*, 136 S. Ct. 2243 (2016).

3

(4:18CV2124)

*United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018), *cert. denied,* 139 S. Ct. 1318 (2019)).

## II. Standard of Review

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). ". . . If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[,]" the petition will be denied. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). As with all *pro se* filings, the Court evaluates Lawrence's petition under a more lenient standard than pleadings prepared by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 challenge the execution of a sentence, while motions brought pursuant to 28 U.S.C. § 2255 in the court where a federal prisoner was convicted and sentenced challenge the validity of the conviction and sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Generally, a habeas corpus petition pursuant to § 2241 may not be used to challenge the validity of a conviction or sentence because "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001) (citing *Charles v Chandler*, 180 F.3d 753, 758 (6th Cir. 1999)).

But § 2255(e) contains a "savings clause" which provides a narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to challenge the

(4:18CV2124)

legality of the prisoner's detention. It is petitioner's burden to establish that the savings clause applies to his petition, and § 2255 is not inadequate or ineffective merely because a § 2255 motion has been denied or is procedurally barred. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *Charles*, 180 F.3d at 756 ("[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate.") (internal citations omitted)).

### III. Analysis

A petition for a writ of habeas corpus under § 2241 must be filed in the district court that has jurisdiction over a prisoner's place of confinement. 28 U.S.C. § 2241(a). "As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction." *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).

When considering a § 2241 petition from a prisoner convicted in a different circuit, courts apply the procedural law from the circuit where the petition is filed, and the substantive law of the circuit in which the prisoner was convicted and sentenced. *See Bender v. Carter*, No. 5:12CV165, 2013 WL 5636745, at *3 (N.D.W.Va. Oct. 15, 2013) (denying motion for reconsideration of the court's application of the Fourth Circuit's procedural rule as to savings clause test because the petitioner was confined in the Fourth Circuit, before considering the substantive law of the Sixth Circuit (where petitioner was convicted) regarding actual innocence) (citing *Eames v. Jones*, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011) (holding that the substantive law of the court of conviction should apply under the overarching procedural law of the court

5

(4:18CV2124)

reviewing the petition)), *aff'd,* 564 F. App'x 694 (4th Cir. 2014); *Holland v. Antonelli*, No. CV 5:18-2951-BHH-KDW, 2018 WL 6928745, at *2 (D.S.C. Nov. 30, 2018) (applying Fourth Circuit's procedural savings clause test for § 2241 petition filed in the Fourth Circuit, and substantive law of the Fifth Circuit where petitioner was convicted) (citing *Eames,* 793 F. Supp.2d at 750), *report and recommendation adopted,* No. CV 5:18-2951-BHH-KDW, 2019 WL 95167 (D.S.C. Jan. 3, 2019); *see also Hogan v. Butler*, No. 6:15-046-GFVT, 2015 WL 4635612, at *6-7 (E.D. Ky. Aug. 3, 2015) (applying the substantive law of the Eleventh Circuit where petitioner was convicted and sentenced, not the law of the circuit where § 2241 petitioner is confined) (citations omitted)).

Therefore, the Court must first apply the Sixth Circuit's procedural framework for determining whether Petitioner has satisfied the savings clause of § 2255 to bring a § 2241 challenge to his career offender sentence enhancement before considering the merits of his petition. *See Bellavia v. Coakley*, No. 4:14CV689, 2014 WL 4207729, at *1 (N.D. Ohio Aug. 25, 2014) (dismissing § 2241 petition for lack of jurisdiction because petitioner failed to establish that § 2255 is an inadequate or ineffective remedy); *see also Wheeler*, 886 F.3d at 426 (savings clause requirements are jurisdictional). If Petitioner satisfies the Sixth Circuit's savings clause test, then the Court will apply the substantive law of the Fourth Circuit -- the circuit of his conviction -- to Lawrence's § 2241 petition.

In *Hill*, the Sixth Circuit established a savings clause test when, as here, the target of the § 2241 petition is a sentence enhancement: "When seeking to petition under based on a misapplied sentence based on a misapplied sentence, the petitioner must show (1) a case of statutory

6

(4:18CV2124)

interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." 836 F.3d at 595 (citations omitted). The Sixth Circuit further elaborated on this new savings clause test:

> . . . we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2 d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. . . .

*Id.* at 599-600.

Petitioner fails to satisfy the first prong of the savings clause requirement of *Hill* to bring a § 2241 petition challenging his sentence enhancement. Lawrence was sentenced in 2009 -- four years after *Booker* was decided -- when the Sentencing Guidelines were advisory and no longer mandatory. Failing to satisfy *Hill*'s savings clause test, Lawrence's § 2241 sentencing enhancement challenge is not cognizable and is denied and dismissed. *See Love v. Terris*, No. 17-1999, 2018 WL 4095550, at *2 (6th Cir. Apr. 5, 2018) ("In *Hill*, we held that a § 2241 petition may be used to challenge a sentence if the petitioner can show '(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.'. . . *Hill* applied this test to a 'narrow subset' of circumstances: when the petitioner was sentenced 'under the mandatory [sentencing] guidelines regime' before [*Booker*]; the petitioner was 'foreclosed from filing a successive petition under § 2255'; and 'a subsequent, retroactive change in statutory interpretation by the Supreme Court

7

(4:18CV2124)

reveals that a previous conviction is not a predicate offense for a career-offender enhancement.'") (quoting *Hill*, 836 F.3d at 595, 599-600)); *Pittman v. Quintana,* No. 16-6857, 2017 WL 6759113 at *2 (6th Cir. Sept. 18, 2017) (affirming district court's denial of § 2241 petition for the reason that petitioner "does [not] meet the narrow requirements recognized in *Hill*, because Pittman was sentenced in 2012, seven years after the Supreme Court's decision in *Booker*"); *Anderson v. Ormond*, 352 F. Supp. 3d 767 (E.D. Ky. 2018) (denying § 2241 petition because petitioner was sentenced three years after *Booker*, precluding a habeas corpus challenge to sentence enhancement), *appeal dismissed,* No. 19-5010, 2019 WL 1503055 (6th Cir. Feb. 19, 2019); *Littles v. United States*, No. 4:17CV461, 2018 WL 5783675, at *2 (N.D. Ohio Nov. 5, 2018) (Boyko, J.) ("The limited circumstances articulated in *Hill* do not apply here. Petitioner was not sentenced under the mandatory guidelines regime pre-*Booker*. As the Magistrate Judge determined, the District Court sentenced Petitioner in September of 2008, after *Booker* was decided. Accordingly, Petitioner has failed to demonstrate he may bring his Petition under § 2241.") (citing *Love*, 2018 WL 4095550, at *3); *Pittman*, 2017 WL 6759113, *2); *Avery v. United States*, No. 1:18-CV-380, 2018 WL 3729069, at *2 (N.D. Ohio Aug. 6, 2018) (Lioi, J.) ("*Hill* permitted a federal prisoner to challenge [] his sentence in a § 2241 petition, but only because the petitioner's sentence was imposed prior to the Supreme Court's decision in [*Booker*], when the Sentencing Guidelines were mandatory and he was foreclosed from asserting the claim under § 2255."); *Wright v. Merlak*, No. 4:17CV2097, 2017 WL 6805687, at *2 (N.D. Ohio Nov. 14, 2017) (Boyko, J.) (denying petitioner's § 2241 claim regarding sentencing enhancement for failing to meet the conditions of *Hill* where petitioner was not sentenced under the mandatory

8

(4:18CV2124)

guidelines regime pre-*Booker* and had not identified a new law that the Supreme Court has held applies retroactively to invalidate his sentence on collateral review); *cf. Neuman v. United States, No. 17-6100, 2018 WL 4520483, at *2 n.1 (6th Cir. May 21, 2018)* (questioning but not deciding whether *Hill*'s narrow savings clause parameters are limited to sentences imposed before *Booker* was decided), *cert. denied,* 139 S. Ct. 443 (2018).

The primary basis for Petitioner's § 2241 petition is the Fourth Circuit's decision in *Wheeler*. ECF No. 1-1 at PageID #: 12; ECF No. 1 at PageID #: 5. Lawrence's argument that the Fourth Circuit's decision now authorizes his § 2241 attack on this sentence is unavailing. Whether Petitioner cites *Wheeler* for a procedural purpose of applying the Fourth Circuit's savings clause test to his sentencing enhancement challenge, or for a substantive law purpose with respect to the merits of his petition, it matters not. Sixth Circuit law, not Fourth Circuit law,[3] controls for the procedural purpose of first determining whether Petitioner has satisfied the requirements of the savings clause before considering his petition on the merits. Because Petitioner fails to satisfy *Hill*'s savings clause criteria, the Court lacks jurisdiction to consider any

---

[3] The Fourth Circuit's savings clause test provides that:

> . . . § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429 (citations omitted).

(4:18CV2124)

substantive law argument that Lawrence may be making. Failing to meet the savings clause criteria established by *Hill* to challenge his career offender sentencing enhancement pursuant to § 2241, Lawrence's claim is not cognizable and the petition is denied.

### IV. Conclusion

For the foregoing reasons, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The docket in this case indicates that Petitioner paid the $5.00 filing fee (Receipt Number 44660004727) on October 1, 2018. Therefore, Petitioner's Application to Proceed Without Prepayment of Fees (ECF No. 2) is denied as moot.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Tyrone Ricardo Lawrence, #51343-056, FCI Edgefield, P.O. Box 725, Edgefield, South Carolina 29824.

IT IS SO ORDERED.

| | |
|---|---|
|   October 31, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |